**FINNERTY, Plaintiff-Appellant, v. BAKER, Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 491.   Decided November 18, 1954.

Curtner, Brent & O'Hara, by Clifford R. Curtner, of Counsel, Dayton, for plaintiff-appellant.

Shipman & Shipman, by F. L. Shipman, of Counsel, Troy, for defendant-appellee.

## OPINION

By MILLER, J.:

This is a law appeal from a judgment of the Common Pleas Court sustaining the motion of the defendant for an instructed verdict made at the close of the plaintiff's case. The action was one for damages arising out of a collision between two automobiles in the village of West Milton, Ohio, on the morning of June 17, 1950, at approximately 2:15 A. M. The answer was a general denial. An examination of the evidence discloses the plaintiff testified that at about said time he was driving his automobile in a northerly direction on State Route No. 48; that there had been an electrical storm and the street lights in the village were out; that as he entered the southern aspect of said village he observed a car coming towards him with exceedingly bright lights and its left wheels over on the east or wrong side of the highway; that it did not change its course and a collision resulted, although the plaintiff testified that he pulled his car to the right to avoid the same and in so doing struck another car parked at the curb. He testified further that the left front end of the southbound car struck his left front end, causing the damages complain of. The evidence clearly establishes negligence on the part of the approaching automobile, but the question presented is whether sufficient facts were established from which the inference could be drawn that the southbound car was being operated by the defendant. The evidence produced on this point reveals that an unidentified officer in West Milton immediately after the accident informed the plaintiff that he had obtained a description of the car and that he would report the same to the Dayton police, Dayton being to the south on said Highway No. 48. The following report was admitted in evidence as Mutual Exhibit No. 1:

"Radio log, City of Dayton Police Department, received 2:32 a. m. 6/17/50, West Milton Police, suspected hit-skip, Car 26, call No. 2 local, attempt to pick up a dark new Chevrolet car, bearing license number unknown PE or PW letters on plate, headed toward Dayton from West Milton."

The record discloses further that at 2:55 on said morning the defendant was apprehended driving a new model dark green Chevrolet south on Main Street in the city of Dayton; that the left front end of said car had been damaged. A deposition of the defendant was offered in evidence as upon cross-examination by the plaintiff. In it he stated that he had driven through West Milton that evening but that he had had no accident there; that the damage to the front end of his car had been received earlier in the night when his car slid into a ditch because of the slippery condition of the highway. In answer to Question No. 63 in the deposition the defendant admitted that he was stopped by the Dayton police upon his arrival in that city. We think from this evidence the inference is permissible that the defendant's car was the one involved in the collision. It should be noted that the collision occurred at approximately 2:15 A. M., and that the defendant was apprehended at 2:55 A. M. in Dayton, some 16 miles south of the scene of the accident, the court taking judicial notice of the geographical location. In order for a car to cover the said 16 miles in 40 minutes it would be necessary to drive at the rate of 24 miles per hour, which is a very probable rate of speed under the conditions of the highway then existing. Under this state of facts we do not think that reasonable minds could come only to the conclusion that the defendant's automobile was not involved in the alleged collision. The evidence was therefore sufficient to establish a prima facie case which required that the defendant come forth with his defense.

A trial judge in ruling upon a motion to direct a verdict on the evidence introduced must not only assume the truth of the evidence in behalf of the party against whom the motion is directed, but must construe the evidence most strongly in favor of that party. The trial judge should give the party against whom the motion is made the benefit of all reasonable inferences that can be drawn from the evidence offered and consider as proved such reasonable inferences favorable to him as the facts warrant without carrying the inferences to an illogical conclusion. In other words, the evidence must be construed favorably to the submission of the case to the jury and the trial judge should indulge in every possible consideration in favor of such submission. Under the present ruling if, after giving the evidence such favorable consideration, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made, the judge should direct a verdict against him. **Hamden Lodge v. Ohio Fuel Gas Co., 127 Oh St 469.** See, also, **39 O. Jur. 802, et seq.**

We think that under the facts presented reasonable minds could reasonably have come to different conclusions and therefore the court erred in sustaining the motion.

The judgment will be reversed and cause ordered remanded for further proceedings according to law.

WISEMAN, PJ, HORNBECK, J, concur.