HUBBARD ET AL., APPELLANTS, v. SCOTT, APPELLEE.

[Cite as Hubbard v. Scott, 7 Ohio App. 2d 233.]

(No. 9788—Decided May 31, 1966.)

*Mr. Melvin G. Rueger* and *Mr. Robert O. Leming*, for appellants.

*Messrs. McIntosh & McIntosh*, for appellee.

HOVER, J. Plaintiffs, appellants herein, appeal on questions of law from the action of the court below in awarding judgment to the defendant, appellee herein, at the close of plaintiffs' case.

This is a negligence action in which the sole issue, now presented for the determination of this court, is whether, as far as the trial progressed below, there was any evidence, direct or directly inferential, tending to show that the defendant was driving the car at the time of the hit-skip accident.

Numerous witnesses were called, including a number of police officers. The crucial testimony related to events occurring between 4:45 p. m. and 5:15 p. m. on the date of the accident. There is obviously some confusion in the evidence, particularly as to the detailing of minutes for various occurrences in separated points along the eastern perimeter of the city of Cincinnati at the time in question. Since there is no evidence that anyone, excepting possibly one or two police officers, was operating under a stop-watch or at precisely determinable times, the confusion that seems to exist arises mainly because

of hair-splitting on minutes estimated by persons who were going about their normal business.

While it is true that there is no positive evidence putting the defendant behind the wheel of his automobile at a rural intersection where a dead-end road forms a "T" junction with a county road, there is direct evidence on the part of two witnesses, the Nimmos, who unequivocally place the defendant behind the wheel of the car involved in the accident, within two hundred feet of the scene, heading away from the dead end of Anchor Road toward the "T" intersection with Round Bottom Road a few minutes before 5 p. m. If this testimony is believed, it takes no vague inference, no speculation, no guesswork, to put the defendant behind the wheel of the car involved in the accident at the specific time and place. This evidence, if believed, is almost as direct and positive as evidence can be and is conclusive of the issue unless disbelieved or rebutted.

It is not necessary to examine the convolutions of *Sobolovitz* v. *Lubric Oil Co.*, 107 Ohio St. 204; *Hurt* v. *Charles J. Rogers Transportation Co.*, 164 Ohio St. 329; *McDougall* v. *Glenn Cartage Co.*, 169 Ohio St. 522; and *Finnerty* v. *Baker*, 70 Ohio Law Abs. 297, in order to arrive at this conclusion. The factual situation here is decidedly stronger in favor of the plaintiffs than the factual situations involved in any of the above cases.

The cases relied upon by the defendant are readily distinguishable and do involve situations in which an element of guesswork would have been required to arrive at a verdict. They are not applicable to the detailed factual situation developed here.

The judgment of the court below is, accordingly, reversed and the cause remanded for a new trial, and such further proceedings that may be provided bv law.

*Judgment reversed.*

HILDEBRANT, P. J., and LONG, J., concur.